UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTLE CAESAR ENTERPRISES, INC.
and LC TRADEMARKS, INC.,

       Plaintiffs,

                                           Case Number 11-14348
v.                                       Honorable David M. Lawson

ZED, INC. and MICHAEL ZIELKE,

       Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND SETTING HEARING

The matter is before the Court on the plaintiffs' motion for a temporary restraining order and preliminary injunction requiring their former franchisees to immediately cease operating their former Little Caesar restaurant under Little Caesar's trademarks, trade name and trade dress. The plaintiffs allege that Little Caesar Enterprises terminated the franchise agreement of defendants Zed, Inc. and Michael Zielke based on their consistent inability to comply with Little Caesar's operational standards, including standards for health, sanitation, and food safety. The plaintiffs have learned that the Washtenaw County Public Health Department has scheduled a hearing to determine whether to revoke the defendants' food service license, which would shut down the defendants' business and likely cause adverse publicity for Little Caesar Enterprises. The plaintiffs contend that a temporary restraining order and preliminary injunction are warranted to enforce the termination of defendants' franchise, avoid the harm that would be caused by a Public Health Department hearing, and force the defendants to cease their unlicensed use of Little Caesar's proprietary marks. The plaintiffs argue that Little Caesar would suffer irreparable harm to its reputation and customer good will each day that the defendants continue to display its trademarks without permission.

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions. The Federal Rules permit the Court to enter a temporary restraining order without notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1). A temporary restraining order is an extraordinary remedy that is generally reserved for emergency situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991). "Reasonable notice" consists of information received within a reasonable time to permit an opportunity to be heard. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (noting that *ex parte* "temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard").

The plaintiffs assert that they have attempted in good faith to conduct a conference with the defendants to seek concurrence with the relief sought by the present motion. Plaintiffs' counsel served the defendants by personal service with a letter explaining the plaintiffs' intent to seek preliminary injunctive relief to prevent the defendants from continuing to operate, and asking the defendants to contact plaintiffs' counsel immediately upon receipt of the letter. The plaintiffs aver that the defendants were served on October 5, 2011 but did not contact counsel. Plaintiffs' counsel also telephoned the defendants on October 5, 2011 at approximately 1:06 p.m. and left messages at the defendants' place of business with a manager, and on defendant Zielke's cell phone, asking them

to immediately return the calls. Finally, plaintiffs' counsel sent the defendants an e-mail message marked "Urgent" on October 5, 2011 at 2:18 p.m. informing them of Little Caesar's intent to seek a temporary restraining order and preliminary injunction, and asked them to contact counsel immediately to attempt to resolve the matter. The plaintiffs contend that they were unable to conduct a conference seeking concurrence because the defendants have not responded to Little Caesar's counsel.

However, the Court finds that entry of a temporary restraining order before providing the defendants an opportunity to be heard would not be appropriate. The Court is mindful of the plaintiffs' allegations that the State intends to initiate administrative proceedings to suspend or revoke the defendants' food service license. The initiation of administrative proceedings, however, is not so irreparable that it cannot be remedied by this Court's entry of a preliminary injunction before the food service license is terminated. It follows that those allegations are similarly insufficient to demonstrate that relief must enter "before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

The Court is mindful that the dispute in this case arises in a business context and, if the plaintiffs' allegations are true, the defendants' alleged conduct *could* result in damage to the plaintiffs that might be difficult to compute. The plaintiffs should be allowed an opportunity to demonstrate entitlement to equitable relief pending the ultimate determination of the merits of this case. However, the present record does not justify granting such relief without providing the defendants an opportunity to be heard.

Accordingly, it is **ORDERED** that the plaintiffs' motion for temporary restraining order [dkt. #7] is **DENIED**.

It is further **ORDERED** that the plaintiffs' Motion for Preliminary Injunction is scheduled for a hearing before this Court on **October 13, 2011** at **11:00 a.m.** in the United States District Courthouse, courtroom 860, Detroit, Michigan.

It is further **ORDERED** that counsel for the plaintiffs shall personally serve a copy of the motion papers, together with a copy of this order, on the defendants by **NOON** on **October 12, 2011.**

                                                          s/David M. Lawson
                                                          DAVID M. LAWSON
                                                          United States District Judge

Dated: October 11, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 11, 2011.

                                        s/Deborah R. Tofil
                                        DEBORAH R. TOFIL